# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DEVIN WADE, Jr., | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 18-cv-01258-JPG |
| VINCE ANDERSON and JOHN DOE, | ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM & ORDER

**GILBERT, District Judge:**

Plaintiff Devin Wade, Jr., an inmate at St. Clair County Jail, brings this civil rights action pursuant to 42 U.S.C. § 1983 for constitutional deprivations that occurred during his arrest in East St. Louis, Illinois, on August 30, 2017. (Doc. 1, pp. 1-6). Plaintiff seeks declaratory judgment, money damages, and unspecified "Rule 65" injunctive relief.[1] (*Id*. at pp. 1, 4).

The Complaint is now before the Court for preliminary review under 28 U.S.C. § 1915A,[2] which requires the Court to screen prisoner complaints and filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed.

---

[1] Plaintiff refers to Rule 65 relief in the opening paragraph of the Complaint and to injunctive relief in the closing paragraph. However, he fails to describe what injunctive relief he actually needs. His request for "Rule 65" interim relief is therefore denied without prejudice. The Court construes his latter request for injunctive relief as one for relief *at the close of the case*.

[2] This case was dismissed without prejudice on September 20, 2018, after Plaintiff requested leave to proceed *in forma pauperis* but ultimately failed to provide the necessary financial information in support of his request. (Docs. 7 and 8). He filed a motion to reconsider, which was granted on September 26, 2019. (Docs. 9 and 10). The case was reopened, and the Complaint is now subject to review under Section 1915A.

1

28 U.S.C. § 1915A(b). At this juncture, the factual allegations are liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

In the Complaint, Plaintiff makes the following allegations: On or around August 30, 2017, Officers Vince Anderson and John Doe (an unknown officer) entered the home of Plaintiff's relative through an open door—without a warrant, consent, or exigent circumstances. (Doc. 1, pp. 1-3). With guns drawn, the officers searched the home and seized two firearms. (*Id*. at p. 2). They coerced Plaintiff's grandmother into signing an unidentified document in the process. (*Id*. at p. 3).

As this occurred, Plaintiff stood in the living room with his hands up. (*Id*. at p. 2). Officer Doe "slammed" Plaintiff in his face and chest until he dropped to the ground. (*Id*.). With his knee against Plaintiff's neck, Officer Doe threatened to "blow [Plaintiff's] head off" if he moved. (*Id*.). Plaintiff called for help, but Officer Anderson stood by and "allowed the abuse to continue." (*Id*. at p. 3). Plaintiff was taken into custody and released without being charged. (*Id*.). He suffered neck and shoulder pain following the incident, as well as anxiety and fear. (*Id*.).

Based on the allegations, the Court finds it convenient to organize the *pro se* Complaint into the following enumerated Counts:

**Count 1:** Fourth Amendment claim against Defendants for the unlawful search, seizure, and arrest of Plaintiff on August 30, 2017.

**Count 2:** Fourth Amendment claim against Defendants for the unlawful use of force against Plaintiff during his arrest on or around August 30, 2017.

**Count 3:** Fourth amendment claim against Defendants for denying Plaintiff medical care for the physical and emotional injuries he suffered on August 30, 2017.

**Any claim that is mentioned in the Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Twombly*.**[3]

---

[3] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Counts 1 and 2 survive screening under Section 1915A, but Count 3 does not. With respect to Count 3, the objectively unreasonable denial of medical care by an officer or jailer supports a Fourth Amendment claim of an arrestee. *Currie v. Chhabra*, 728 F.3d 626, 629-30 (7th Cir. 2013) (citing *Villanova v. Abrams*, 972 F.2d 792, 797 (7th Cir. 1992)). However, this claim—like all others brought pursuant to Section 1983—hinges on personal liability and is predicated upon fault. *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005). Plaintiff sets forth no allegations suggesting that either defendant was personally responsible for the denial of his medical care or mental health treatment on or after August 30, 2017. He discloses no efforts to notify the defendants of his shoulder, neck, or emotional injuries. He makes no claim that his injuries were obvious or that he requested medical attention from the defendants. The allegations thus support no claim against the defendants for the denial of medical care, and Count 3 shall be dismissed without prejudice for failure to state a claim.

## Identification of Unknown Defendant

Plaintiff shall be allowed to proceed with Counts 1 and 2 against Officer John Doe. However, this defendant must be identified with particularity before service of the Complaint can be made on the officer. Plaintiff will have the opportunity to engage in limited discovery to ascertain the identity of this defendant. *Rodriguez*, 577 F.3d at 832. The Chief of Police of East St. Louis Police Department will be added as a defendant, in his or her official capacity only, and shall be responsible for responding to discovery aimed at identifying the unknown defendant. Once the name is discovered, Plaintiff must file a motion to substitute the newly-identified defendant in place of the generic designations for Officer John Doe in the caption and Complaint.

## Disposition

The **CLERK** is directed to **ADD** the **CHIEF OF POLICE OF EAST ST. LOUIS POLICE DEPARTMENT (official capacity only)** to the docket for the purpose of identifying

Officer John Doe.  **This defendant need only file a notice of appearance and is not required to answer or otherwise respond to the Complaint.**

**IT IS ORDERED** that Plaintiff's request for unspecified "Rule 65" injunctive relief is **DENIED** without prejudice.

**IT IS ORDERED** that **COUNTS 1** and **2** will receive further review against Defendant **VINCE ANDERSON** and **JOHN DOE (once identified)**, but **COUNT 3** is **DISMISSED** without prejudice for failure to state a claim.  **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merits Review Order.**

The Clerk of Court shall prepare for Defendants **VINCE ANDERSON** and **JOHN DOE (once identified)**:  (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each defendant's place of employment as identified by Plaintiff.  If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant can no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with that defendant's current work address, or, if not known, his or her last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Service shall not be made on Defendant **JOHN DOE** until such time as Plaintiff has

identified him by name in a properly filed motion for substitution of parties. Plaintiff is **ADVISED** that it is his responsibility to provide the Court with the name and service address of this individual.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, even though his application to proceed *in forma pauperis* was granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED**.

**DATED: 12/12/2019**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**

## Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**